This is a suit in which plaintiff seeks to recover the sum of $450 deposited with the defendant, Lonergan, a real estate broker, as a down payment on the purchase price of certain property, together with a like amount from the defendant, Dupuy, as a penalty. After trial there was judgment in favor of plaintiff and against the defendant, Lonergan, in the sum of $450, from which judgment the said named defendant has appealed.
The property in question, described as Municipal No. 1919 and 1919 1/2 Highland Avenue in the City of Shreveport, Caddo Parish, Louisiana, consisting of a six-room dwelling and a five-room garage apartment, was owned by the defendant, Dupuy, in community with his wife.
On March 28, 1945, an agreement was executed by the plaintiff, Lohman, as purchaser; the defendant, Dupuy, as owner; and the defendant, Lonergan, as agent. The signature of Joe Dupuy was affixed by his wife, Mrs. Dupuy, in his presence and under his direction. This document is of the character which makes accurate definition extremely difficult. While it is represented as being a "sales contract" it nevertheless contains certain recitals which designate the agreement as being one of sale and purchase in that it refers to the parties as "Seller" and "Purchaser"; to the transaction as "this sale", and recites the receipt of $450 "which is part payment of the purchase price of the property hereinafter described, which property was this day sold by H.S. Lonergan, agent, for the undersigned owner * * *."
The instrument contained several agreements with reference to the examination of title, time for curing defects and transfer of title within a five-day period after approval by purchaser's attorney.
Under the designation of "Special Agreement" the following provision was included in the contract: "It is agreed that purchaser is to have possession of garage apartment within thirty days from date of sale. It is further agreed that the seller is to pay for the Federal stamp to be placed on the deed, and taxes are to be prorated to date of sale."
Under our findings of fact we think it is immaterial whether the instrument above described be considered as an agreement of sale or a contract of sale. This is not a suit for specific performance but is an action to recover money paid on an agreement which was not carried out by the parties. The sum of $450 deposited upon execution of the instrument was by agreement of the parties, as set forth therein, to be held "in trust by H.S. Lonergan until transfer of property is made."
Certain significant facts were definitely established on trial, namely, that on April 28, 1945, the plaintiff, Lohman, made demand for possession of the garage apartment at 1919 1/2 Highland Avenue, which demand was refused; that the garage apartment was at the time occupied by a tenant and that the owner, Dupuy, had made no demand on the tenant to vacate. Nor does the record admit of any question as to the fact that the agreement to give plaintiff possession of the garage apartment within thirty days from the signing of the agreement was an important and moving consideration in the negotiations. Plaintiff had recently moved to Shreveport with his family and was in need of a place to live. His testimony on this point is entirely credible and its effect is not lessened by the comparatively weak effort which was made to controvert this point.
There is no showing in the record of any tender on the part of the defendants, or either of them, to carry through the agreement in accordance with its terms, and, indeed, it is conclusively established that they could not do so.
The only evidence of any effort on the part of the defendants to further the transaction consists of a letter directed to plaintiff *Page 707 
by defendants' attorney notifying him that the abstract of the property had been completed and was ready for delivery to plaintiff's attorney for examination. But this letter bears the date of May 9, 1945, which was some twelve days after the expiration of the period within which possession of the garage apartment on the property had been promised to plaintiff.
We think the facts related are determinative of the issues involved. The matter appears to have been a simple transaction under the terms of which the defendant, owner of the property, agreed to do and perform certain obligations, which were of the essence of the agreement, and which he was subsequently unable to do and perform. No default is shown as to plaintiff. We know of no theory which under the circumstances of this case would indicate the right of defendants, or either of them, to hold a deposit made by plaintiff. The plaintiff's claim for the additional equal sum of $450 in the nature of a penalty against the defendant, Dupuy, was abandoned in the lower Court, which action was inspired by the entirely commendable motive on the part of plaintiff to refrain from penalizing the aged couple who were the owners of the property.
For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.
KENNON, J., absent.