HAWTHORNE, Justice.
 

 This case is before us under our supervisory jurisdiction to review a judgment of the Court of Appeal, Second Circuit, which affirmed a judgment of the district court in favor of plaintiff, Z. Lohman, and against H. S. Lonergan, a real estate agent, in the sum of $450.00, which had been deposited by Lohman with Lonergan as part payment of the purchase price of certain real property situated in the City of Shreveport.
 

 The writ was granted in the instant case because we were of the opinion that an error of law had been committed, but, after we received the transcript and reviewed the entire record, under the facts as found by us it is clear that the Court of Appeal committed no error of law, and its judgment should be affirmed. See Loh-man v. Lonergan et al., La.App., 33 So.2d 705.
 

 On March 28, 1945, plaintiff herein signed a contract with defendant H. S. i^oner-gan, a real estate agent, and with Joe Du-puy, designated as owner (also made a defendant in these proceedings), represented by his wife, Mrs. J. Dupuy, with reference to the purchase of certain property situated in the City of Shreveport, designated as Nos. 1919 and 191914 Highland Avenue, and all improvements thereon, including a six-room dwelling house and a five-room garage apartment. In this contract the purchase price of the property was fixed at $9000.00, $2000.00 of which was to be paid in cash and the balance at the rate of $80.00 per month. The contract itself was on a printed form and designated as “sales contract”. It read in part as follows:
 

 “Received of Z. Lohman the sum of— Four Hundred and Fifty and No/100 Dollars — 4$450.00) which is part payment of the purchase price of the property hereinafter described, which property was this day sold by H. S. Lonergan, Agent, for the undersigned owner, to the above person for the price and on the terms herein set forth, said sale being subject to approval of title by purchaser’s attorney. ‡ * *
 
 a
 

 The contract provided that the amount of the deposit of $450.00 was to be held in trust by the real estate agent, and under the title “Special Agreement” it was agreed that the purchaser was to have possession of the garage apartment within 30 days
 
 *409
 
 from date of sale. The contract also contained provisions with reference to examination of title, time for curing defects and for transfer of title after approval by the purchaser’s attorney, and return of the money deposited in the event the title could not be made merchantable.
 

 Upon the execution of this contract, plaintiff deposited with the real estate agent, in part payment of the purchase price, the sum of $450.00, which amount he now seeks to recover.
 

 According to the testimony, plaintiff executed the contract for the primary purpose of securing a home for him and his family. He had recently returned to Shreveport to live, and, at the time the contract was entered into, he and his family were inadequately housed in a two-room apartment. The property described in the contract was being purchased by plaintiff so that he and his family might live in the five-room garage apartment located thereon, and in the contract it was especially agreed “that purchaser is to have possession of Garage Apartment with in 30 days from date of sale”. On the date this contract was entered into, this apartment was occupied by tenants of the owner, Joe Dupuy. Plaintiff was not acquainted with Mr. Dupuy, the owner of the property, prior to the execution of the contract, but dealt entirely with H. S. Lonergan,- realtor, as agent for the owner.
 

 The provision of the contract with reference to when possession .of the gar rage apartment was to be delivered is not free from ambiguity, for it is susceptible of at least two interpretations. The contract refers to the property as property “this day
 
 sold”
 
 and provides for possession of the garage apartment “with in 30 days from date of
 
 sale”.
 
 (Italics ours.) Under this provision plaintiff contends that he was to have possession of the five-room garage apartment within 30 days from March 28, 1945, the date of the contract, while defendant Lonergan contends that possession was to be delivered within 30 days from the date of the act of sale. On the trial of the case on the merits, the realtor was, to say the least, evasive in his testimony as to when possession was to have been delivered, and finally admitted that he did not remember just what had been said on the question of possession. The plaintiff, however, testified that upon the execution of this agreement the realtor, who was the agent of the owner, informed him that possession of the garage apartment would be delivered within 30 days from the date of the contract itself, and it has been established to our entire satisfaction that both plaintiff, the prospective purchaser, and defendant Lonergan, agent of the owner, understood that possession would be delivered within this 30-day period.
 

 The record shows that on April 28, 1945, plaintiff informed the real- estate agent that he was ready to buy the property provided he could 'get possession of the garage apartment, and that he had -the
 
 *411
 
 purchase price available. Since the property at that time was still occupied by the tenants of the owner, delivery of possession could not be accomplished within the period specified, and thereafter plaintiff instituted the present suit.
 

 A careful consideration of all the testimony and evidence adduced on the trial of this ease convinces us that the primary motive or cause of the contract was the possession of the garage apartment, which, as testified by plaintiff and proven to our satisfaction, was to be delivered by the owner within 30 days .from the date of the contract, and, 'since the plaintiff was without fault and was ready and willing to accept title and pay the purchase price upon delivery of this possession, which the evidence shows could not be made for the feason that the apartment, was occupied at that time by tenants of the owner, in our opinion the judgment of the Court- of Appeal affirming the judgment of the district court is correct and should- be affirmed.
 

 The authorities cited by relator Lonergan in his brief have no- application and are not pertinent to the issues involved in this case. In the instant case, we have based our decision entirely on the fact that possession of the garage apartment, the primary motive or cause of the contract, could not be- and was not given; and plaintiff, being without fault, is entitled to the return of his deposit made; on the purchase price.
 

 For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is affirmed; relator to pay all costs.
 

 O’NIELL, C. J., takes no part.